UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

EUGENE FRANCIS KLEINWACHTER,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1301 (PAM/FLN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On July 7, 1995, Petitioner was convicted in the district court for Marshall County, Minnesota, on multiple counts of criminal sexual conduct. He was sentenced to an aggregate prison term of 240 months, and he is presently serving his sentence at the Minnesota Correctional Facility, Moose Lake, Minnesota. (Petition, [Docket No. 1], p. (2).)

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUN 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he claimed that the trial court had (i) wrongly deprived him of the opportunity to present certain allegedly exculpatory evidence, and (ii) erroneously allowed him to be convicted and sentenced on overlapping charges, (i.e., charges of specific incidents of sexual abuse and also on charges of a continuing pattern of abuse). The Court of Appeals rejected Petitioner's evidentiary claim, but agreed that he could not properly be convicted and sentenced on the overlapping charges. The case was therefore remanded to the trial court to vacate one of Petitioner's convictions and then re-sentence him. State v. Kleinwachter, No. CX-95-2200 (Minn.App. 1996), 1996 WL 481520 (unpublished opinion). Petitioner sought further review of his evidentiary claim in the Minnesota Supreme Court, but his petition for review was denied. Id.

On remand, the trial court vacated one of Petitioner's convictions, and re-sentenced him to an aggregate term of 228 months. Petitioner then filed another appeal, this time contending that the trial court had abused its discretion in imposing his new sentence. On Petitioner's second direct appeal, the State Court of Appeals rejected his sentencing claim and upheld the trial court's revised judgment and sentence. State v. Kleinwachter, No. C5-97-164 (Minn.App. 1997), 1997 WL 328018 (unpublished opinion). On August 5, 1997, the Minnesota Supreme Court rejected Petitioner's second request for further review. Id.

Based on the information provided in the present petition, it appears that Petitioner did not initiate any further court proceedings challenging his conviction until May 25, 2000, when he filed his current application for federal habeas corpus relief. The

instant petition lists two grounds for relief: (1) that Petitioner was denied due process when the trial court refused to allow him to present certain expert testimony that purportedly would have bolstered his defense, and (2) that Petitioner was deprived of his "Miranda rights."[2] The merits of Petitioner's claims will not be addressed, however, because the Court finds that the instant petition was not filed within the one-year time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed due to untimeliness.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Petitioner has offered no explanation of how his Miranda rights allegedly were violated. Furthermore, it does not appear that he ever raised a Miranda claim in the state appellate courts. Therefore, Petitioner's Miranda claim could not be entertained here, even if his petition were otherwise unflawed. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-established constitutional right or any new evidence that could not have been discovered earlier.[3] Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his second request for further review on August 5,

---

[3] The Court further notes that, according to the petition, Petitioner never filed any state court petition seeking post-conviction relief. Therefore, the tolling provisions of 28 U.S.C. 2244(d)(2) have no bearing on this case.

1997. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, under the Smith rule, the statute of limitations did not begin to run in Petitioner's case until November 3, 1997 -- 90 days after the Minnesota Supreme Court finally upheld Petitioner's conviction on direct appeal. The one-year limitation period for filing a § 2254 habeas corpus petition therefore expired on November 3, 1998.

Petitioner did not file his present petition, however, until May 25, 2000, which was more than two and half years after the statute of limitations began to run in this case, and more than one and half years after the limitation period expired. Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.

Petitioner evidently recognizes the tardiness of his petition, and has attempted to address the issue in a separate submission entitled "Notice of Appeal," (Docket No. 2), which was filed with his habeas corpus petition. In that submission, Petitioner contends that the statute of limitations set forth at § 2244(d) is not applicable to his case, because his judgment of conviction was entered before the statute of limitations was enacted. He cites one case, Boria v. Keane, 90 F.3d 36 (2nd Cir. 1996), cert. denied, 521 U.S. 1118 (1997), in support of his argument.

Boria is not applicable, however, because it did not address the new statute of limitations. Instead, the Court in Boria considered only whether the new standard for granting habeas corpus relief, (which is set forth at 28 U.S.C. § 2254(d)), is applicable to state court judgments that became final before the AEDPA was enacted on April 24, 1996. Although the Second Circuit concluded in Boria that the new, more deferential, standard of review should not be applied retroactively, it never addressed the applicability of the new statute of limitations to pre-AEDPA judgments.

Our own Court of Appeals, on the other hand, has clearly indicated that the AEDPA statute of limitations can properly be applied to cases in which the state judgment of conviction was entered before the April 24, 1996, enactment date. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). The Court of Appeals has held, however, that in cases where the judgment of conviction occurred before April 24, 1996, the one year statute of limitations does not begin to run until the date of enactment. Id. Thus, the statute of limitations begins to run either on April 24, 1996, or on the date when the Petitioner's judgment of conviction became "final" for purposes of § 2244(d)(1) – which occurs later. Id.[4] In this case, Petitioner's judgment of conviction was originally entered in the trial court on July 7, 1995, but it did not become "final" for purposes of § 2244(d)(1) until November 3, 1997. Thus, under the Nichols rule, November 3, 1997, is the date when the statute of limitations began to run in this case. As previously noted, Petitioner did not file his current petition until much more than a year after that date, and the instant

[4] Notwithstanding its decision in Boria, the Second Circuit Court of Appeals adopted an identical "grace period" rule in Ross v. Artuz, 150 F.3d 97 (2nd Cir. 1998).

petition is therefore clearly time-barred.

Because it plainly appears on the face of the petition that Petitioner is not entitled to federal habeas corpus relief, his petition shall be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is recommended that the petition be dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED that**:

The petition for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: June 1, 2000

Franklin L Noel

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. L. 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 6-16-00, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Court of Appeals.