UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene Francis Kleinwachter,

Petitioner,

v.

State of Minnesota,

Respondent.

Cv. File No.00-1301 (PAM/FLN)

**ORDER**

---

This matter is before the Court upon Petitioner's response, dated June 12, 2000, to United States Magistrate Judge Franklin L. Noel's Report and Recommendation dated June 1, 2000.

Pursuant to statute, the Court has conducted a de novo review of the entire record, including Petitioner's response. See 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). In his response, Petitioner attempts to skirt the AEDPA statute of limitations by alleging ineffective assistance of his trial counsel for failure to inform him of his right to file a habeas petition. Petitioner fails to cite any supporting authority for this proposition. To the contrary, the guarantee of effective assistance of counsel extends only to trial and the first appeal as of right. See Evitts v. Lucey, 469 U.S. 387, 394 (1985). Moreover, counsel's failure to inform Petitioner of the availability of a habeas petition and applicability of the AEDPA statute of limitations does not constitute "extraordinary circumstances" warranting

FILED AUG 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD AUG 21 2000
DEPUTY CLERK

equitable tolling of the limitations period.[1] See, e.g., Robinson v. Kaiser, Nos. 99-5155, 99-7136, 2000 WL 668126, *2 (10th Cir. May 23, 2000); Mays v. Hickman, No. 98-56769, 2000 WL 538131, *1 (9th Cir. May 3, 2000).

Based on our review of the record and all the arguments of the parties, the Court ADOPTS the Report and Recommendation (Clerk Doc. No. 3).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss (Clerk Doc. No. 4) is **GRANTED**; and
2. Petitioner's Habeas Corpus petition (Clerk Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

Dated: August 21, 2000.

Paul A. Magnuson
United States District Court Judge

---

[1] Petitioner's response indicates that he was not actively misled by counsel, who correctly informed him that "he had no other forms of appeal left," but did not address the separate and distinct issue of a collateral attack upon his conviction via a habeas petition. (See Pet'r's Resp. at 2.)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: AUG 21 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995