UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EUGENE F. KLEINWACHTER,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1301 (PAM/FLN)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1995 state court convictions on multiple counts of criminal sexual conduct. (Docket No. 1.) The matter was assigned to Chief Magistrate Judge Franklin L. Noel, who recommended that the petition be dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). (Report and Recommendation ["R&R"] dated June 1, 2000; Docket No. 3.) Petitioner filed objections to the R&R, (Docket No. 5), which prompted this Court to conduct a de novo review of the matter. By order dated August 21, 2000, (Docket No. 6), the Court adopted the R&R in its entirety, and held that the action should be dismissed with prejudice.

Petitioner subsequently filed a notice of appeal seeking appellate review of the dismissal of his habeas petition. (Docket No. 8.) He did not pay the filing fee for his appeal, however, nor did he obtain a Certificate of Appealability, (COA), as required by 28 U.S.C. § 2253 (c)(1)(A) and Fed. R. App. P. 22(b)(1). The Court of Appeals remanded the matter to the District Court to determine whether Petitioner should be granted a COA. (Docket No. 9.) The Court of Appeals also notified Petitioner that his appeal would be subject to summary dismissal if he did not pay the required filing

FILED OCT 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

fee. That notification apparently prompted Petitioner to file an application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 10.) Thus, the matter is presently before the Court to determine (a) whether Petitioner should be granted IFP status on appeal, and (b) whether Petitioner should be granted a COA.

**DISCUSSION**

A. The IFP Application

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that his only source of income is a prison job that pays only $58.42, bi-weekly, and that he has no property of any significant value. Based on this information, the Court finds that Petitioner is financially eligible for IFP status. The Court further finds that the issues Petitioner seeks to raise on appeal are not legally "frivolous," and that

Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Petitioner's IFP application will therefore be granted.

B. Certificate Of Appealability

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner has not filed any explicit request for a COA, and it is therefore not entirely clear what issue(s) he seeks to raise on appeal.[1] Presumably, he would like the Court of Appeals to review and reverse this Court's determination that he is procedurally barred from seeking federal habeas relief because of the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). In his objections to the R&R, Petitioner did not dispute the Magistrate Judge's finding that his habeas petition was filed outside of the one-year limitation period; he instead argued that his tardiness should be excused because the attorney who represented him in his state court appeals did not advise him that he could seek habeas corpus relief in federal court. Petitioner apparently is now looking for an opportunity to raise this same argument in the Eighth Circuit Court of Appeals.

In its recent decision in Slack v. McDaniel, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

120 S.Ct. at 1604.

---

[1] In a letter dated September 27, 2000, Petitioner indicated that he would be filing a specific request for COA "in the near future." To date, however, he has not done so.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R. As the Magistrate Judge correctly pointed out, Petitioner's habeas corpus petition cannot be entertained here, because it was filed more than one year after his conviction became final in the state courts. Moreover, Petitioner's tardiness cannot be excused based on ineffective assistance of counsel.

Ineffective assistance of counsel will not excuse a procedural default unless the Petitioner has previously presented his ineffective assistance claim to the state courts as a separate and distinct claim for relief. Edwards v. Carpenter, 120 S.Ct. 1587, 1591 (2000), ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'"), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). Because Petitioner never argued in the state courts that his appellate counsel provided ineffective legal assistance by failing to advise him of his right to seek federal habeas relief, that argument cannot excuse his current procedural default under the statute of limitations.

Furthermore, Petitioner could not sustain an ineffective assistance of counsel claim based on his attorney's alleged failure to advise him about his federal habeas options, because he had no constitutional right to counsel at the time when such advice allegedly should have been given. An individual is constitutionally entitled to effective assistance of counsel only when he or she has a right

to be represented by counsel under the Sixth Amendment. "Where there is no right to counsel there can be no right to effective assistance of counsel." Pollard v. Delo, 28 F.3d 887, 888 (8th Cir.), cert. denied, 513 U.S. 1003 (1994). After Petitioner's direct state court appeals were completed, he no longer had a Sixth Amendment right to counsel. Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996); Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Therefore, any error that Petitioner's attorney might have committed after Petitioner's conviction was finally affirmed on direct appeal -- including any missing or erroneous advice about his possible post-conviction remedies -- cannot be viewed as ineffective assistance of counsel. See Wainright v. Torna, 455 U.S. 586, 586-87 (1982) (per curiam) (when there is no Sixth Amendment right to counsel, there is no basis for claiming ineffective assistance of counsel). It follows that any such error cannot serve as an excuse for Petitioner's procedural default under the statute of limitations. Simply put, "there is no right to counsel in post-conviction proceedings, and therefore ineffective assistance of post-conviction counsel cannot excuse a procedural default." Morris, 83 F.3d at 270. See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (where there is no right to counsel, an attorney's error will not excuse the prisoner's default).

In sum, an error committed by a prisoner's attorney after the prisoner's conviction has become final on direct review will not excuse the prisoner's failure to file his federal habeas corpus petition within the one-year time limit prescribed by § 2244(d). Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Jackson v. Kaiser, No. 99-6441 (10th Cir. Sept. 13, 2000), 2000 WL 1289241 (unpublished opinion). Therefore, Petitioner's current habeas corpus petition was indeed properly dismissed on the grounds that it was time-barred. Petitioner has offered no reason to think that any other court – including the Eighth Circuit Court of

Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently identify, anything novel, noteworthy or worrisome about his case, which might cause it to warrant appellate review. Thus, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right" in this case, and that he is not entitled to a COA.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 10), is GRANTED; and

2. Petitioner will NOT be granted a Certificate of Appealability in this matter.

Dated: October 16, 2000

PAUL A. MAGNUSON
Chief District Court Judge